THE STATE OF OHIO, APPELLEE, *v.* THUNDERCLOUD WAY, APPELLANT.

(No. C-880373—Decided June 28, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *David L. Prem* and *Richard L. Gibson,* for appellee.
*Peter Rosenwald,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Chief Thundercloud Way, was convicted of two counts of aggravated robbery in violation of R.C. 2911.01, one count of felonious assault in violation of R.C. 2903.11, and one count of having a weapon while under disability in violation of R.C. 2923.13. On appeal, he raises four assignments of error. For the reasons expressed herein, we af-

4

firm the judgment of the trial court in part, vacate the sentence in part, and remand the cause for resentencing.

In the late afternoon of February 9, 1988, the defendant entered Parrillo's Hardware Store and approached Barbara Willis while she was working in the Ohio lottery ticket booth. The defendant was wearing clear glasses, a hat and a long coat. He ordered a lottery ticket. When Willis opened the cash drawer, the defendant pulled a sawed-off shotgun from underneath his coat and told her to "open the drawer up real soft." Willis screamed and ran out of the booth to the back of the store.

Frank Parrillo, the owner of the store, heard the scream and proceeded to the front of the store to investigate. As he approached the defendant, the defendant turned around and pointed the shotgun at him. Parrillo ordered an employee of the store to call the police. The defendant fled from the store and Parrillo followed. The defendant turned and fired a shot at Parrillo, causing Parrillo to retreat into the store.

The Springfield Township Police got a general description of the robber from Willis and Parrillo. They also recovered wadding from the shot fired at Parrillo. In addition, they found a shoe print in the snow in the area in which Parrillo observed the defendant outside the store.

In the early evening on the same day, the defendant and his nephew, Melvin Way, entered Dan and Dan's Liquor Store. The defendant was wearing a long coat, a hat and a pair of "women's glasses." At that time, the owner of the store, Elbert Daniels, Sr., and his sons, David and Elbert, Jr., were working in the store behind the counter. The defendant and Melvin approached the counter, and the defendant asked for a cheap bottle of liquor. When Elbert, Jr. opened the cash register, the defendant pulled a sawed-

off shotgun from underneath his coat and demanded money. The defendant lowered his eyes and grabbed some money out of the register. Elbert, Jr. seized the end of the shotgun and pushed it toward the ceiling. A struggle ensued, and the gun discharged into the ceiling.

During this time, Melvin attempted to move across the counter. Elbert, Sr., however, hit him and knocked him back into a video game machine. Elbert, Jr. managed to take the gun from the defendant and proceeded to beat him with the end of it. Melvin and the defendant attempted to approach Elbert, Jr. several times, but they were struck by the gun and knocked to the floor.

Eventually, the defendant was knocked unconscious and Melvin was subdued. The police arrived, arrested the defendant and his nephew, and transported them to the hospital for medical treatment.

A criminalist at the Hamilton County Coroner's Lab concluded that the print in the snow outside Parrillo's Hardware Store was made by a shoe with the same sole size and sole design as that of the shoe worn by the defendant when he was picked up at the liquor store. A photograph array was shown to Willis and Parrillo. Both identified the defendant as the robber.

The defendant and his nephew were tried in a single trial. The defendant was convicted on charges related to both robberies.

In his first assignment of error, the defendant contends that the trial court improperly denied his motion to suppress the in-court identification of the defendant by Willis and Parrillo. The defendant argues that the photograph array was impermissibly suggestive because both victims identified him, even though his picture did not match the description of the robber given to the police by the victims.

To suppress an in-court identifica-

tion of a defendant due to the effects of a prior impermissibly suggestive identification procedure, the defendant must show that the pre-indictment procedures were both suggestive and unnecessary, and that the testimony was or will be unreliable under the totality of the circumstances. *State* v. *Williams* (May 12, 1982), Hamilton App. Nos. C-810494 and C-810496, unreported. The defendant has failed to establish that the photograph array used to identify him as the robber of Parrillo's Hardware Store was suggestive or unnecessary.

Specialist John Smith of the Cincinnati Police Department composed the photograph array containing the defendant's picture. The array contained six pictures of black men with similar appearances and similar facial features. The photograph of the defendant used in the array had been taken in 1980 when the defendant wore a mustache and a beard. In February 1988, the defendant was clean-shaven, and therefore, the description given by the victims made no mention of facial hair.

Both Willis and Parrillo picked the defendant out of the array. The fact that they identified the defendant's picture with a mustache and a beard, even though he was clean-shaven at the time the crime was committed, is not sufficient, in and of itself, to demonstrate that the identification procedure was impermissibly suggestive. The trial court, therefore, properly denied the defendant's motion to suppress the identification testimony of Willis and Parrillo. The first assignment of error lacks merit.

The second assignment of error questions the trial court's denial of the defendant's motion for a mistrial. The defendant moved for a mistrial based upon allegations made by his relatives that three jurors had been discussing the case prior to its conclusion. The trial court called the jurors in and asked them if they had been discussing the case. The jurors responded negatively, and the trial court denied the motion.

An appellate court will not reverse a trial court's decision denying a mistrial unless that decision was an abuse of discretion. See *State* v. *Widner* (1981), 68 Ohio St. 2d 188, 22 O.O. 3d 430, 429 N.E. 2d 1065, certiorari denied (1982), 456 U.S. 934. The defendant has failed to demonstrate that the trial court abused its discretion. We, therefore, find no merit in the second assignment of error.

In his third assignment of error, the defendant contends that the judgment of the trial court is not supported by sufficient evidence and that the judgment is against the manifest weight of the evidence. In reviewing a claim that a verdict is not supported by sufficient evidence, an appellate court reviews the record to determine whether substantial evidence was presented upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus. The testimony of the state's witnesses clearly is sufficient to find that the defendant committed two theft offenses with a deadly weapon on his person in violation of R.C. 2911.01; that the defendant knowingly attempted to cause physical harm to another by means of a deadly weapon in violation of R.C. 2903.11; and that the defendant knowingly carried a firearm when he had been previously convicted of a felony of violence, in violation of R.C. 2923.13. Accordingly, the judgment of the trial court is supported by sufficient evidence.

In reviewing a claim that the judgment in a criminal case was against the manifest weight of the evidence, an appellate court reviews the record and determines whether the jury clearly

lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See *Tibbs* v. *Florida* (1982), 457 U.S. 31; *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148. The defendant maintains that he was not at the hardware store at the time of that robbery, and that he was the innocent victim of an attack by the owners of the liquor store. We do not find that the jury lost its way in refusing to believe the defendant's testimony, and in believing the testimony of the prosecution's witnesses. The judgment of the trial court is, therefore, not contrary to the weight of the evidence. The defendant's third assignment of error is without merit.

In his final assignment of error, the defendant maintains that the trial court incorrectly sentenced him upon a specification filed pursuant to R.C. 2941.141. We agree.

R.C. 2929.71 provides for the imposition of a term of actual incarceration upon an offender for having a "firearm" on or about his person or under his control while committing a felony. The verdict forms completed by the jury indicate that they found that the defendant committed the offense with a "deadly weapon." A "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). A "firearm," on the other hand, includes "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. * * *" R.C. 2923.11(B).

R.C. 2929.71 requires a conviction of an R.C. 2941.141 firearms specification separate and apart from the underlying criminal offense. *State* v.

*Tyson* (1984), 19 Ohio App. 3d 90, 94, 19 OBR 175, 179, 482 N.E. 2d 1327, 1331. In the instant case, the jury found that the defendant possessed a deadly weapon while committing the crime. We do not believe that such a finding is sufficient to uphold a separate conviction under the firearms specification of R.C. 2941.141. Accordingly, the sentence on that finding was improper and must be vacated. The fourth assignment of error is sustained.

The judgment of the trial court is affirmed in part, the sentence is vacated in part, and this cause is remanded to the trial court for re-sentencing on Count 18.

*Judgment accordingly.*

SHANNON, P.J., KLUSMEIER and UTZ, JJ., concur.