OPINION
Defendant Richard A. Beckett appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, convicting and sentencing him for two counts of robbery in violation of R.C. 2911.02, after a jury trial. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR 1. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING THE APPELLANT'S MOTION FOR DISMISSAL WHICH AVERRED THAT HIS STATUTORY RIGHTS TO A SPEEDY TRIAL WERE VIOLATED.
 2. AS TO THE SUPPRESSION HEARING. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN CONCLUDING THAT THE STATES [SIC] EYEWITNESS TO THE CRIME WHO WAS SHOWN A PHOTO LINE-UP POSITIVELY AND UNEQUIVOCALLY IDENTIFIED THE APPELLANT AS THE PERPETRATOR OF THE CRIME.
The record indicates appellant was indicted on December 16, 1999, and was served his summons while in the Holmes County Jail, on December 20, 1999. He was arraigned in Tuscarawas County on January 1, 2000, having been transported from the Holmes County Jail. The matter was set for jury trial on June 13, 2000.
The State asked for and received continuances on two occasions, and the matter was eventually set for a change of plea on August 24, 2000.
Appellant appeared on August 24, 2000, and signed a written plea of guilty, but then reconsidered, withdrew the guilty plea, and asked for a jury trial.
The court set the matter for September 12, 2000, and at appellant's request appointed new counsel. New counsel moved for a continuance to properly prepare for the trial, since he was appointed on September 6, 2000, was served with the appointment entry on September 8, 2000, and the matter was set for trial on September 12.
The court continued the matter until November 8, 2000, but on October 18, 2000, the court granted the second court appointed counsel leave to withdraw, and appointed a new attorney.
Appellant's third defense counsel filed a motion to suppress the out-of-court identification made by the alleged victim, and a motion to dismiss based upon speedy trial grounds. Both motions were overruled, and the matter proceeded to trial on December 19, 2000.
 I
In his first assignment of error, appellant urges the trial court should have sustained his motion for dismissal on speedy trial grounds. The parties concede he was served with a summons on December 20, 1999, and not tried until December 19, 2000. Appellant was incarcerated on an unrelated charge in Holmes County, and was not incarcerated pending bail for the Tuscarawas County robbery. Thus, we find pursuant to R.C.2945.71, the State had 270 days to bring appellant to trial.
Pursuant to R.C. 2945.72, the time for trial may be extended for various reasons, including lack of defense counsel, delay necessitated by a plea, motion, proceeding, or action instituted by the defendant, a continuance granted on the defendant's own motion, or any reasonable continuance granted other than upon the defendant's own motion.
Appellant counts the time from December 20, 1999 to July 14, 2000, against the State, occasioned by the State's two motions to continue.
On July 14, appellant moved to continue the matter, and appellant concedes the time until September 6, 2000, is attributable to him. This time totals 46 days.
Appellant then attributes the remaining days from September 7, to December 19, 2000, against the State, concluding the State did not try him until 292 days had passed. We do not agree. We find the period from September 7 to trial constituted a delay occasioned by appellant's various motions. The court continued the matter for appellant's second defense counsel, and again for appellant's third defense counsel. We find this time should be assessed against appellant, and we find the time attributable to the State is 194 days, well within the 270 days set by statute.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court should have suppressed the alleged victim's eyewitness identification of appellant as the perpetrator of the robbery. Appellant argues the identification was unreliable because the photo array shown to her was unreasonably suggestive.
On December 13, 2000, the trial court entered judgment overruling the motion to suppress. The court noted it had taken evidence from the victim/witness and investigating officer, and had viewed the photo lineup.
The trial court correctly found in order to suppress the in-court identification of appellant based on a photographic display, the court must find the procedure employed is so impermissibly suggestive it gives rise to a very substantial likelihood of irreparable false identification. A defendant must show the pre-indictment procedures were both suggestive and unnecessary, and because of this, under the totality of circumstances, the testimony is unreliable, State v. Thundercloud Way
(1989), 49 Ohio App.3d 3.
The court also discussed the various factors to be considered in evaluating the likelihood of misidentification. Those factors are: the opportunity the witness had to observe the accused at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the accused; the level of certainty demonstrated by the witness at the confrontations; and the length of the time between the crime and confrontation. The court found the victim was the manager at the Shell Food Mart at the time the store was robbed. She testified she was behind the register and saw the offender for about a minute, and believed she had seen him before. The witness testified the offender was one to two feet away from her, and she was able to describe his attire. The witness stated she could not clearly see her assailant's hair color because of a ball cap he was wearing. The witness testified she identified appellant's photograph from the photo array shown her approximately two months after the robbery.
From the above, the court found the victim had adequate opportunity to observe the accused at the time of the crime, demonstrated an adequate degree of attention, and accurately described the witness. The court concluded the photo array and procedure with which it was used was not impermissibly suggestive. See, e.g. State v. Moody (1978), 55 Ohio St.2d 64
at 67.
We have reviewed the record, and we find the judge's findings are supported therein.
We find the trial court correctly overruled appellant's motion to suppress the alleged victim's identification.
The second assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.